FILED
CLERK, U.S. DISTRICT COURT

APR 29 2009
3:21

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1   Howard O. Boltz, Jr. (SBN 70212)
2   E-Mail:    hoboltz@bryancave.com

3   **BRYAN CAVE LLP**
    120 Broadway, Suite 300
    Santa Monica, California  90401
4   Telephone:  (310) 576-2100
    Facsimile:   (310) 576-2200
5
    J. Bennett Clark (admitted *pro hac vice*)
6   E-Mail:    ben.clark@bryancave.com

7   Daniel A. Crowe (admitted *pro hac vice*)
    E-Mail:    dacrowe@bryancave.com
8
    **BRYAN CAVE LLP**
9   211 N. Broadway, Ste. 3600
    St. Louis, Missouri  63102
10  Telephone:  (314) 259-2000
    Facsimile:   (314) 259-2200
11

12  Attorneys for Defendant and
    Counterclaimant IXIA
13

14              **UNITED STATES DISTRICT COURT**

15             **CENTRAL DISTRICT OF CALIFORNIA**

16                    **WESTERN DIVISION**

17

18
    INEOQUEST TECHNOLOGIES, INC.,    | Case No. CV08-7773-GHK (PLAx)
19
                     Plaintiff,       | **IXIA'S FIRST AMENDED ANSWER,**
20                                     | **AFFIRMATIVE DEFENSES,**
            vs.                        | **COUNTERCLAIMS, AND DEMAND**
21                                     | **FOR JURY TRIAL**
    IXIA,
22
                     Defendant.        | Complaint Filed:  November 25, 2008
23
    ─────────────────────────────
24  IXIA,
                  Counterclaimant,
25
            vs.
26
    INEOQUEST TECHNOLOGIES, INC.,
27
                  Counterdefendant.
28

©COPY

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1

2       Defendant IXIA, by its attorneys, BRYAN CAVE LLP, as and for its First

3   Amended Answer, Affirmative Defenses, and Counterclaims to Plaintiff's

4   Complaint, states as follows:

5       1.      Ixia admits that plaintiff, IneoQuest Technologies, Inc. ("IneoQuest")

6   brings this action against Ixia ("Ixia") and that the Complaint speaks for itself.  Ixia

7   denies that IneoQuest is entitled to prevail on any of its claims, and denies all

8   allegations contained in Paragraph 1 of the Complaint, except as specifically

9   admitted herein.

10      2.      Ixia admits that IneoQuest has performed work in the referenced fields

11  and that IneoQuest placed its Media Delivery Index ("MDI") in the form of a

12  Request for Comments ("RFC") to the Internet Engineering Task Force ("IETF").

13  Ixia denies all allegations contained in Paragraph 2 of the Complaint not specifically

14  admitted herein.

15      3.      Ixia admits that it has had an established presence in data and voice

16  network-transport fields.  Ixia denies all allegations contained in Paragraph 3 of the

17  Complaint not specifically admitted herein.

18                                  Parties

19      4.      On information and belief, admitted.

20      5.      Admitted.

21                          Jurisdiction And Venue

22      6.      Ixia admits that IneoQuest purports to state a claim for patent

23  infringement under the Patent Act, and that subject matter over the patent action

24  exists in this Court.  Ixia denies all allegations contained in Paragraph 6 of the

25  Complaint not  specifically admitted herein.

26      7.      Denied.

27

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

8.      Ixia admits that personal jurisdiction exists in this case.  Ixia denies all allegations contained in Paragraph 8 of the Complaint not specifically admitted herein.

9.      Ixia admits that venue for the patent claims exists in this case.  Ixia denies all allegations contained in Paragraph 9 of the Complaint not specifically admitted herein.

10.     Admitted.

11.     Ixia admits that one method of providing information over a network is via "streaming media" and that other alternative delivery mechanisms exist, including offering content in a single downloadable file.  Ixia denies all allegations contained in Paragraph 11 of the Complaint not specifically admitted herein.

12.     Ixia admits that one method of transporting streaming video content from one location to another over a network is by using Internet Protocol (IP) "packets."  Ixia denies all allegations contained in Paragraph 12 of the Complaint not specifically admitted herein.

13.     Ixia admits that the referenced technologies use IP packets.  Ixia denies all allegations contained in Paragraph 13 of the Complaint not specifically admitted herein.

14.     Admitted.

15.     Admitted.

16.     Admitted.

17.     Admitted.

18.     Ixia is without sufficient information to admit or deny the allegations of Paragraph 18 of the Complaint as they are set forth, and therefore denies them.

19.     Ixia admits that, under certain circumstances, downstream video equipment can remedy certain defects in packetized video streams.  Ixia denies all allegations contained in Paragraph 19 of the Complaint not specifically admitted herein.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

20.     IneoQuest does not specify what "developments and improvements" are referenced in Paragraph 20 of the Complaint; Ixia, therefore, is without sufficient information to admit or deny the allegations of Paragraph 20 of the Complaint as they are set forth, and therefore denies them.

21.     Ixia is without sufficient information to admit or deny the allegations of Paragraph 21 of the Complaint as they are set forth, and therefore denies them.

22.     Ixia is without sufficient information to admit or deny the allegations of Paragraph 22 of the Complaint as they are set forth, and therefore denies them.

23.     Ixia is without sufficient information to admit or deny the allegations of Paragraph 23 of the Complaint as they are set forth, and therefore denies them.

24.     Ixia is without sufficient information to admit or deny the allegations of Paragraph 24 of the Complaint as they are set forth, and therefore denies them.

25.     Ixia is without sufficient information to admit or deny the allegations of Paragraph 25 of the Complaint as they are set forth, and therefore denies them.

26.     Ixia is without sufficient information to admit or deny the allegations of Paragraph 26 of the Complaint as they are set forth, and therefore denies them.

27.     Ixia is without sufficient information to admit or deny the allegations of Paragraph 27 of the Complaint as they are set forth, and therefore denies them.

28.     Ixia is without sufficient information to admit or deny the allegations of Paragraph 28 of the Complaint as they are set forth, and therefore denies them.

29.     Ixia is without sufficient information to admit or deny the allegations of Paragraph 29 of the Complaint as they are set forth, and therefore denies them.

30.     Ixia admits that, in or about 2004, the Internet Engineering Task Force ("IETF") published a draft document entitled "A Proposed Media Delivery Index," and that the draft document identified both IneoQuest and Cisco Systems as the authors of the document.  Ixia also admits that the IETF later published versions of the document under the identifier RFC 4445.  Ixia further admits that the IETF is an international group of industry participants concerned with the architecture and

1    operation of the Internet.  Ixia also admits that MDI is one statistic related to the

2    delivery of video over networks.  Ixia denies all allegations contained in Paragraph

3    30 of the Complaint not specifically admitted herein.

4        31.    Ixia is without sufficient information to admit or deny the allegations of

5    Paragraph 31 of the Complaint as they are set forth, and therefore denies them.

6        32.    Ixia is without sufficient information to admit or deny the allegations of

7    Paragraph 32 of the Complaint as they are set forth, and therefore denies them.

8        33.    As understood, denied.

9        34.    Ixia is without sufficient information to admit or deny the allegations of

10    Paragraph 34 of the Complaint as they are set forth, and therefore denies them.

11        35.    Ixia is without sufficient information to admit or deny the allegations of

12    Paragraph 35 of the Complaint as they are set forth, and therefore denies them.

13        36.    Ixia is without sufficient information to admit or deny the allegations of

14    Paragraph 36 of the Complaint as they are set forth, and therefore denies them.

15        37.    Ixia is without sufficient information to admit or deny the allegations of

16    Paragraph 37 of the Complaint as they are set forth, and therefore denies them.

17        38.    Denied.

18        39.    Ixia is without sufficient information to admit or deny the allegations of

19    Paragraph 39 of the Complaint as they are set forth, and therefore denies them.

20        40.    Admitted.

21        41.    Denied.

22        42.    Ixia admits that it offers numerous products and services that provide

23    test and monitoring solutions for data, voice, video and other applications.  Ixia

24    denies all allegations contained in Paragraph 42 of the Complaint not specifically

25    admitted herein.

26        43.    Ixia is without sufficient information to admit or deny the allegations of

27    Paragraph 43 of the Complaint as they are set forth, and therefore denies them.

28        44.    As understood, denied.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

45. Ixia states that simulated video packets and real video packets each provide certain benefits. Ixia denies all allegations contained in Paragraph 45 of the Complaint not specifically admitted herein.

46. Ixia admits that its customers include manufacturers of network routers and switches, cable companies and broadcast companies. Ixia denies all allegations contained in Paragraph 46 of the Complaint not specifically admitted herein.

47. Denied.

48. Ixia admits that one of its customers is Cisco and that Cisco designs and sells networking and communications services and technology, including routers for packet-switched networks. Ixia is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 48 of the Complaint, and therefore denies them.

49. Ixia admits that its sales to Cisco over the past five years represent approximately 20-35% of Ixia's total annual revenue and that Cisco has been Ixia's largest customer in terms of annual revenue. Ixia further admits that Cisco, and all other Ixia customers, are important. Ixia denies all allegations contained in Paragraph 49 of the Complaint not specifically admitted herein.

50. Ixia admits that it was aware in 2004 that Cisco was considering purchasing equipment from IneoQuest. Ixia denies all allegations contained in Paragraph 50 of the Complaint not specifically admitted herein.

51. Ixia denies the premise that it had "concerns," and further denies the allegations of Paragraph 51 of the Complaint.

52. Ixia admits that it reviewed publicly available information related to IneoQuest's products. Ixia denies all allegations contained in Paragraph 52 of the Complaint not specifically admitted herein.

53. Ixia admits that it, along with numerous others the industry, at some point obtained a copy of RFC 4445.   Ixia denies all allegations contained in Paragraph 53 of the Complaint not specifically admitted herein.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    54.    Ixia admits that at some point it learned that IneoQuest had presented

2    RFC 4445 to the IETF along with Cisco.   As understood, Ixia denies the remaining

3    allegations set forth in Paragraph 54 of the Complaint.

4    55.    Ixia admits that Comcast was, and is, a participant in the streaming

5    video industry.  Ixia is without sufficient information to admit or deny the

6    allegations regarding Comcast's size and revenues, and therefore denies them.  Ixia

7    denies all allegations contained in Paragraph 55 of the Complaint not specifically

8    admitted herein.

9    56.    Denied.

10   57.    Denied.

11   58.    Ixia admits that it did not become a reseller of IneoQuest's hardware.

12   Ixia denies all allegations contained in Paragraph 58 of the Complaint not

13   specifically admitted herein.

14   59.    Denied.

15   60.    Denied.

16   61.    Admitted.

17   62.    Ixia admits that it was aware of publicly-available information

18   concerning IneoQuest from IneoQuest's website.  As understood, Ixia denies the

19   remaining allegations set forth in Paragraph 62 of the Complaint.

20   63.    Ixia is without sufficient information to admit or deny the allegations of

21   Paragraph 63 of the Complaint as they are set forth, and therefore denies them.

22   64.    Admitted.

23   65.    Ixia admits that the parties signed a mutual non-disclosure agreement,

24   with an effective date of July 7, 2004 (the "2004 Non-Disclosure Agreement").  Ixia

25   also admits that a copy of the 2004 Non-Disclosure Agreement is attached as

26   Exhibit 1, but states that the document speaks for itself.  Ixia denies all allegations

27   contained in Paragraph 65 of the Complaint not specifically admitted herein.

28

66.   Ixia states that the document speaks for itself, and denies the allegations of Paragraph 66 of the Complaint.

67.   Ixia admits that the parties scheduled a face-to-face meeting for July 23, 2004.  Ixia denies all allegations contained in Paragraph 67 of the Complaint not specifically admitted herein.

68.   Ixia admits that there was an agenda dated July 21, 2004.  Ixia denies all allegations contained in Paragraph 68 of the Complaint not specifically admitted herein.

69.   As understood, Ixia is without sufficient information to admit or deny the allegations of Paragraph 69 of the Complaint as they are set forth, and therefore denies them.

70.   Ixia admits that Ixia provided information to IneoQuest concerning its position in the video market, and its plans.  Ixia admits that it and IneoQuest discussed possible business arrangements.   Ixia denies all allegations contained in Paragraph 70 of the Complaint not specifically admitted herein.

71.   Ixia admits the IneoQuest orally provided information to Ixia regarding IneoQuest's products.  Ixia denies that the information conveyed was confidential.  Ixia further denies all allegations contained in Paragraph 71 of the Complaint not specifically admitted herein.

72.   Ixia lacks knowledge and information sufficient to respond to the allegations concerning IneoQuest's beliefs in 2004, and denies such allegations as well as the remaining allegations set forth in Paragraph 72 of the Complaint.

73.   Denied.

74.   Denied.

75.   Denied.

76.   Ixia admits that it prepared a document in 2004 named "Project Hollywood."  Ixia denies that the information contained in the Project Hollywood

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    document was or is confidential to IneoQuest.  Ixia denies all allegations contained

2    in Paragraph 76 of the Complaint not specifically admitted herein.

3        77.   Ixia objects to Paragraph 77 of the Complaint because the allegations

4    therein seek confidential information without the benefit of a protective order.  Ixia

5    further states that the Project Hollywood document speaks for itself.  As such, Ixia

6    denies the allegations set forth in Paragraph 77 of the Complaint.

7        78.   Denied.

8        79.   Denied.

9        80.   Ixia denies the premise that it had such an "approach," and further

10   denies the allegations of Paragraph 80 of the Complaint.

11       81.   Denied.

12       82.   Denied.

13       83.   Ixia admits that in October and November, 2004, Ixia and IneoQuest

14   provided information to one another.  Ixia denies all allegations set forth in

15   Paragraph 83 of the Complaint not specifically admitted herein.

16       84.   Denied.

17       85.   Ixia admits that IneoQuest and Ixia entered into an "Exclusive

18   Negotiation Period Agreement," and states that the agreement speaks for itself.  Ixia

19   denies all allegations contained in Paragraph 85 of the Complaint not specifically

20   admitted herein.

21       86.   Ixia admits that IneoQuest signed the Exclusive Negotiation Period

22   Agreement, and that IneoQuest made suggestions as to a potential relationship

23   between it and Ixia.  Ixia denies all allegations contained in Paragraph 86 of the

24   Complaint not specifically admitted herein.

25       87.   Denied.

26       88.   As understood, denied.  Additionally, Ixia objects to the allegations of

27   Paragraph 88 as calling for confidential information in the absence of a protective

28   order in place in this case.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

89.   As understood, denied.

90.   Ixia objects to the allegations of Paragraph 90 as calling for confidential information in the absence of a protective order in place in this case. Ixia admits that it employed video streams in its IxLoad and IxChariot products. Ixia denies all allegations contained in Paragraph 90 of the Complaint not specifically admitted herein.

91.   Ixia objects to the allegations of Paragraph 91 as calling for confidential information in the absence of a protective order in place in this case. As understood,  Ixia denies the allegations set forth in Paragraph 91 of the Complaint.

92.   Denied.

93.   Denied.

94.   Denied.

95.   Ixia admits that it has purchased equipment manufactured by IneoQuest.  Ixia denies all allegations contained in Paragraph 95 of the Complaint not specifically admitted herein.

96.   Denied.

97.   Denied.

98.   Ixia admits that at some point its IxChariot product could generate certain statistics related to video quality.  Ixia denies all allegations contained in Paragraph 98 of the Complaint not specifically admitted herein.

99.   Denied.

100.   Denied.

101.   Denied.

102.   Denied.

103.   Denied.

104.   Ixia admits that some of its products (including IxLoad) contain the ability to generate and analyze multiple video strings, including the ability to

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   generate statistics related to video quality.  Ixia also admits the some of its products

2   include the deployment of software probes across a network for fault isolation

3   purposes.  Ixia denies all allegations contained in Paragraph 104 of the Complaint

4   not specifically admitted herein.

5       105.   Ixia denies the premise that it engaged in "wrongdoing," and further

6   denies the allegations set forth in Paragraph 105 of the Complaint.

7       106.   Ixia admits that IneoQuest obtained access to certain Ixia documents as

8   part of discovery in another lawsuit between the parties.  Ixia is without sufficient

9   information to admit or deny whether and when IneoQuest management had access

10   to Ixia's documents, and therefore denies allegations related to the same.  Ixia

11   denies all allegations contained in Paragraph 106 of the Complaint not specifically

12   admitted herein.

13       107.   Ixia denies the premise that it engaged in "wrongdoing," and further

14   denies the allegations set forth in Paragraph 107 of the Complaint.

15       108.   Ixia is without sufficient information to admit or deny the allegations of

16   Paragraph 108 of the Complaint as they are set forth, and therefore denies them.

17       109.   Ixia admits that, on the face of Exhibit 2, which purports to be United

18   States Patent Number 7,321,565 (the "'565 Patent"), entitled "System and Method

19   for Analyzing the Performance of Multiple Transportation Steams of Streaming

20   Media in Packet-Based Networks," it appears that the '565 Patent issued to

21   IneoQuest, as assignee of the named inventors, on January 22, 2008.  Ixia denies all

22   allegations contained in Paragraph 109 of the Complaint not specifically admitted

23   herein.

24       110.   Ixia admits that it had a copy of RFC 4445 before issuance of the '565

25   Patent.   Ixia denies all allegations contained in Paragraph 110 of the Complaint not

26   specifically admitted herein.

27       111.   Ixia is without sufficient information to admit or deny the allegations

28   set forth in Paragraph 111 of the Complaint concerning IneoQuest's motivations,

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  and therefore denies them.  Ixia denies the remaining allegations contained in

2  Paragraph 111 of the Complaint not specifically admitted herein.

3     112.  Denied.

4     113.  Denied.

5     114.  Denied.

6     115.  Ixia is without sufficient information to admit or deny the allegations

7  related to licenses granted by IneoQuest, and therefore denies such allegations.  Ixia

8  denies the remaining allegations of Paragraph 115 of the Complaint.

9     116.  Denied.

10     117.  Ixia denies the premise that it has engaged in wrongdoing, and further

11  denies the allegations first set forth in Paragraph 117 of the Complaint.

12     118.  Denied.

13     119.  Ixia is without sufficient information to admit or deny the allegations of

14  the first sentence of Paragraph 119 of the Complaint as they are set forth, and

15  therefore denies them.  Ixia denies the remaining allegations set forth in Paragraph

16  119.

17     120.  Ixia denies the premise that it engaged in "blocking," and further denies

18  the allegations set forth in Paragraph 120.

19     121.  Ixia denies the various premises of Paragraph 121 of the Complaint,

20  and further denies the allegations set forth in Paragraph 121.

21     122.  Denied.

22  Count I

23  Infringement of U.S. Patent No. 7,321,565

24     123.  Ixia repeats and incorporates by reference the answers and objections

25  set forth in response to Paragraphs 1 through 122.

26     124.  Denied.

27     125.  Ixia is without sufficient information to admit or deny the allegations of

28  Paragraph 125 of the Complaint as they are set forth, and therefore denies them.

1    126.   Denied.

2    127.   Denied.

3    128.   Ixia denies the premise that it has committed acts of infringement, and

4    further denies the allegations set forth in Paragraph 128 of the Complaint.

5    129.   Denied.

## Count II

### Breach of Contract

8    130.   Ixia repeats and incorporates by reference the answers and objections

9    set forth in response to Paragraphs 1 through 129.

10    131.   Admitted.

11    132.   Ixia states that the referenced Agreement speaks for itself, and that the

12    validity and enforceability of the Agreement is in whole or in part a matter of law

13    not susceptible to answer.   Ixia denies all allegations contained in Paragraph 132 of

14    the Complaint.

15    133.   Ixia is without sufficient information to admit or deny the allegations of

16    Paragraph 133 of the Complaint as they are set forth, and therefore denies them.

17    134.   Denied.

18    135.   Ixia denies the premise that it has breached the referenced Agreement,

19    and further denies the allegations set forth in Paragraph 135 of the Complaint.

## Count III

### Trade Secret Misappropriation In Violation Of The Uniform Trade Secret Act: CA Civil Code §3426

23    136.   Ixia repeats and incorporates by reference the answers and objections

24    set forth in response to Paragraphs 1 through 135.

25    137.   Denied.

26    138.   Denied.

27    139.   Ixia denies the premise that IneoQuest possessed trade secret

28    information. Ixia is without sufficient information to admit or deny the allegations

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   related to the protection of secrecy, and therefore denies the same.  Ixia denies the

2   remaining allegations set forth in Paragraph 139 of the Complaint.

3       140.   Ixia denies the premise that IneoQuest possessed trade secrets, and

4   further denies the allegations set forth in Paragraph 140 of the Complaint.

5       141.   Ixia denies the premise related to "wrongful use and disclosure" and

6   further denies the allegations set forth in Paragraph 141 of the Complaint.

7       142.   Ixia denies the premise that it has engaged in misappropriation, and

8   further denies the allegations set forth in Paragraph 142 of the Complaint.

9       143.   Ixia denies the premise that it has engaged in misappropriation, and

10  further denies the allegations set forth in Paragraph 143 of the Complaint.

Count IV

Intentional Interference with Contract

13      144.   Ixia repeats and incorporates by reference the answers and objections

14  set forth in response to Paragraphs 1 through 143.

15      145.   Ixia is without sufficient information to admit or deny the allegations of

16  Paragraph 145 of the Complaint as they are set forth, and therefore denies them.

17      146.   Denied.

18      147.   Denied.

19      148.   Denied.

20      149.   Denied.

21      150.   Ixia denies the premise that it engaged in wrongful conduct, and further

22  denies the allegations set forth in Paragraph 150 of the Complaint.

23      151.   Ixia denies the premise that it has engaged in wrongdoing, and further

24  denies the allegations set forth in Paragraph 151 of the Complaint.

Count V

Common Law Unfair Competition

27      152.   Ixia repeats and incorporates by reference the answers and objections

28  set forth in response to Paragraphs 1 through 151.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    153.  Ixia denies the premise that it has engaged in acts of misappropriation,
2  and further denies the allegations set forth in Paragraph 153 of the Complaint.

3    154.  Ixia denies various premises set forth in Paragraph 154 of the
4  Complaint, and further denies the allegations set forth in Paragraph 154.

5    155.  Ixia denies the premise that it engaged in "[t]hese acts," and further
6  denies the allegations set forth in Paragraph 155 of the Complaint.

7    156.  Ixia denies the premise that it engaged in wrongful conduct, and further
8  denies the allegations set forth in Paragraph 156 of the Complaint.

9    <u>Count VI</u>

10   <u>Unfair Competition in Violation of CA Business and Professions Code</u>

11   <u>§§17200, et seq</u>

12   157.  Ixia repeats and incorporates by reference the answers and objections
13  set forth in response to Paragraphs 1 through 156.

14   158.  Denied.

15   159.  Ixia denies the premise that it engaged in "unlawful uses," and further
16  denies the allegations set forth in Paragraph 159 of the Complaint.

17   160.  Ixia denies the various premises set forth in Paragraph 160 of the
18  Complaint, and further denies the allegations set forth in Paragraph 160 of the
19  Complaint.

20   161.  Ixia denies the premise that it engaged in "[t]hese acts," and further
21  denies the allegations set forth in Paragraph 161 of the Complaint.

22   162.  Ixia denies the premise that it engaged in wrongful actions, and further
23  denies the allegations set forth in Paragraph 162 of the Complaint.

24   163.  Ixia denies the premise that it has engaged in wrongful conduct, and
25  further denies the allegations set forth in Paragraph 163 of the Complaint.

26   164.  Ixia denies the premise that it engaged in wrongful actions, and further
27  denies the allegations set forth in Paragraph 164 of the Complaint.

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1

## Count VII

### Intentional Interference with Prospective Economic Advantage

2

3    165.   Ixia repeats and incorporates by reference the answers and objections

4    set forth in response to Paragraphs 1 through 164.

5    166.   Ixia is without sufficient information to admit or deny the allegations

6    relating to IneoQuest's relationships with third parties, and therefore denies them.

7    Ixia denies the remaining allegations of Paragraph 166 of the Complaint.

8    167.   As understood, denied.

9    168.   As understood, denied.

10   169.   Denied.

11   170.   Ixia denies the premise that it engaged in wrongful conduct, and further

12   denies the allegations set forth in Paragraph 170 of the Complaint.

13   171.   Denied.

## Count VIII

### Negligent Interference with Prospective Economic Advantage

14

15

16   172.   Ixia repeats and incorporates by reference the answers and objections

17   set forth in response to Paragraphs 1 through 171.

18   173.   Ixia is without sufficient information to admit or deny the allegations

19   relating to IneoQuest's relationships with third parties, and therefore denies them.

20   Ixia denies the remaining allegations of Paragraph 173 of the Complaint.

21   174.   As understood, denied.

22   175.   As understood, denied.

23   176.   Denied.

24   177.   Denied.

25   178.   Ixia denies the premise that it engaged in wrongful conduct, and further

26   denies the allegations set forth in Paragraph 178 of the Complaint.

27   179.   Denied.

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

## Count IX

## Breach of Confidence

180.   Ixia repeats and incorporates by reference the answers and objections set forth in response to Paragraphs 1 through 179.

181.   Denied.

182.   Ixia admits that it has complied with the terms of the 2004 Non-Disclosure Agreement.  Ixia denies all allegations contained in Paragraph 182 of the Complaint not specifically admitted herein.

183.   Denied.

184.   Ixia denies the premise that it engaged in wrongful conduct, and further denies the allegations set forth in Paragraph 184 of the Complaint.

## Count X

## Misappropriation of Work Product

185.   Ixia repeats and incorporates by reference the answers and objections set forth in response to Paragraphs 1 through 184.

186.   Ixia is without sufficient information to admit or deny the allegations set forth in Paragraph 186 of the Complaint, and therefore denies them.

187.   Denied.

188.   Ixia denies the premise that it has engaged in wrongful actions, and further denies the allegations set forth in Paragraph 188 of the Complaint.

## **AFFIRMATIVE DEFENSES**

Further answering the Complaint, Ixia asserts the following affirmative defenses, without assuming the burden of proof where such burden would otherwise rest with IneoQuest.  Ixia expressly reserves the right to amend its Answer and Affirmative Defenses as additional information becomes available and/or is otherwise discovered:

### First Affirmative Defense

1.　　IneoQuest's Complaint fails to state a claim against Ixia upon which relief may be granted.

### Second Affirmative Defense

2.　　IneoQuest is barred from the relief it seeks based upon the principles and doctrines of waiver, estoppel, laches, justification, privilege, and/or acquiescence.

### Third Affirmative Defense

3.　　IneoQuest is barred from the relief it seeks based due to unclean hands.

### Fourth Affirmative Defense

4.　　The Complaint, and each purported cause of action contained therein, is barred by the applicable statutes of limitation including, but not limited to, California Code of Civil Procedure §§ 335 through 349.4.

### Fifth Affirmative Defense

5.　　IneoQuest is barred from the relief that it seeks because the '565 Patent, and each claim thereof, is/are invalid for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100, et seq., including, but not limited to, those set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Sixth Affirmative Defense

6.　　By reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications that matured into the '565 Patent, and in particular, the applicants' and/or their representative(s)' and/or agents' remarks, representations, concessions, amendments and/or admissions during those proceedings, IneoQuest is precluded and estopped from asserting that Ixia has infringed any of the claims of the '565 Patent.

### Seventh Affirmative Defense

7.　　IneoQuest is not entitled to any damages or any other remedy under 35 U.S.C. §§ 284 or 285 with respect to any alleged infringement by Ixia of the '565

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  Patent to the extent that IneoQuest and/or any predecessor owners and/or licensees

2  of the patents have not complied with the notice and/or marking requirements of 35

3  U.S.C. § 287.

4  **Eighth Affirmative Defense**

5  8.    Ixia has not made, used, imported, offered for sale or sold in the United

6  States, and is not making, using, importing, offering for sale, or selling any product

7  or method which would infringe any valid and/or enforceable claim of the '565

8  Patent.

9  **Ninth Affirmative Defense**

10  9.    Ixia has not contributed to the infringement of, and/or induced the

11  infringement of, any valid and/or enforceable claim of the '565 Patent.

12  **Tenth Affirmative Defense**

13  10.    Even if, *arguendo*, IneoQuest possessed confidential or trade secret

14  information, Ixia independently derived its own information without use of that of

15  IneoQuest.

16  **Eleventh Affirmative Defense**

17  11.    IneoQuest did not maintain its alleged confidential or trade secret

18  information as in fact secret and confidential.

19  **Twelfth Affirmative Defense**

20  12.    The alleged confidential or trade secret information of IneoQuest is not

21  protectable under common law or the California Uniform Trade Secrets Act.

22  **Thirteenth Affirmative Defense**

23  13.    The parol evidence rule bars evidence regarding any alleged oral

24  agreements.

25  **Fourteenth Affirmative Defense**

26  14.    IneoQuest's contract claims are barred by the statute of frauds and/or

27  there is a failure of consideration.

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

**Fifteenth Affirmative Defense**

15.  Ixia was justified in all of its actions.

**Sixteenth Affirmative Defense**

16.  IneoQuest failed to mitigate its claimed damages, if any.

**Seventeenth Affirmative Defense**

17.  IneoQuest's claims set forth in Counts IV - X are preempted under California's trade secret statute, California Civil Code § 3426.7.

**Eighteenth Affirmative Defense**

18.  IneoQuest's purported pendent state claims involve, in whole or in part, conduct that is already subject of litigation between the parties in California state court.

**Nineteenth Affirmative Defense**

19.   Pursuant to IneoQuest's participation in the Internet Engineering Task Force ("IETF"), and by way of the Intellectual Property Rights submission IneoQuest made to the IETF, IneoQuest is obligated to grant Ixia a license to claims of the '565 Patent on reasonable non-discriminatory terms, if Ixia so elects.

**Twentieth Affirmative Defense**

20.   Ixia denies that IneoQuest is entitled to recover punitive damages in this action.  Further, any award of punitive damages against Ixia in this action would be barred to the extent that it violates the due process and equal protection provisions of the United States and California Constitutions.

WHEREFORE, Ixia denies that IneoQuest is entitled to any relief as prayed for in the Complaint or otherwise and, accordingly, respectfully prays for entry of judgment:

A.   Dismissing IneoQuest's Complaint against Ixia, with prejudice;

B.   Finding that Ixia is not liable to IneoQuest under any of the allegations of the Complaint;

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

C.    Finding that Ixia has not infringed and is not infringing upon any of the claims of the '565 Patent;

D.    Finding that each claim of the '565 Patent is invalid;

E.    Enjoining IneoQuest and/or any of its respective officers, directors, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, from directly or indirectly asserting liability under any of the allegations contained in the Complaint and/or infringement against, or instituting any further action for infringement of the '565 Patent against Ixia, or any of its customers, agents, successors and assigns;

F.    Finding that this case is exceptional pursuant to 35 U.S.C. § 285 and awarding Ixia its reasonable attorneys' fees, expenses and costs incurred in connection with this action; and

G.    Awarding to Ixia such other and further relief as the Court may deem appropriate under the circumstances.

## COUNTERCLAIMS

Counterclaimant Ixia, for its Amended Counterclaims against IneoQuest Technologies, Inc., ("IneoQuest"), states as follows:

### Nature of the Action

1.    This Counterclaim seeks, inter alia, a judgment declaring that the claims of United States Patent No. 7,321,565 ("the '565 Patent") are invalid and/or not infringed by Ixia.

2.    This Counterclaim seeks, inter alia, a judgment declaring that IneoQuest is directly, contributorily and/or inducing infringement of U.S. Patent Nos. 5,881,237, 5,937,165, 5,838,919 and 7,277,395.

### Jurisdiction and Venue

3.    This Court has subject matter jurisdiction over these Counterclaims pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., under 38

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

IXIA'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   U.S.C. § 1338(a), and under the patent laws of the United States, 35 U.S.C. § 1, et

2   seq.  This Court also has jurisdiction over this dispute pursuant to 28 U.S.C. 28 §

3   1331 and U.S.C. § 1332, in that the amount in controversy exceeds the sum or value

4   of $75,000, exclusive of interest and costs, and diversity of citizenship exists among

5   the parties.  Venue is proper in this judicial district under the provisions of 28

6   U.S.C. §§ 1391 and 1400.

7                              The Parties

8        4.     Ixia is a corporation organized and existing under the laws of the State

9   of California, with a principal place of business is located at 26601 W. Agoura

10   Road, Calabasas, California 91302.

11       5.     Upon information and belief, IneoQuest is a corporation organized and

12   existing under the laws of the Commonwealth of Massachusetts, with a principal

13   place of business is located at 170 Forbes Blvd., Mansfield, Massachusetts 02048.

14                     Acts Giving Rise to the Counterclaims

15       6.     On November 25, 2008, IneoQuest commenced a civil lawsuit against

16   Ixia alleging that Ixia is infringing upon one or more of the claims of the '565

17   Patent.

18       7.     By such action, IneoQuest has created an actual and justiciable case

19   and controversy between itself and Ixia concerning whether the '565 Patent is valid

20   and/or enforceable, as well as whether Ixia is infringing upon any valid and

21   enforceable claim of the '565 Patent.

22       8.     IneoQuest markets or has marketed at least two hardware platforms, the

23   Geminus family and the Singulus family, each of which can include a number of

24   supported software applications including IQMediaStimulus, IQMediaAnalyzer Pro,

25   IQDialogue and IQRouter Test Suite.  Through the development, marketing, use,

26   sale, and other efforts, such products infringe one or more claims of U.S. Patent

27   Nos. 5,881,237, 5,937,165, 5,838,919 and 7,277,395.

28                              **COUNT I**

**Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,321,565**

9.    Ixia incorporates by reference the allegations set forth in Paragraphs 1 through 8 of these Counterclaims as if fully set forth and restated herein.

10.    Ixia has not infringed, and is not infringing, upon any claims of the '565 Patent.

11.    Any claims of the '565 Patent that may not be, arguendo, held invalid and/or unenforceable are so restricted in scope that Ixia has not infringed, and does not infringe, upon any such claims.

## COUNT II

**Declaratory Judgment of Invalidity of U.S. Patent No. 7,321,565**

12.    Ixia incorporates by reference the allegations set forth in Paragraphs 1 through 8 of these Counterclaims as if fully set forth and restated herein.

13.    Upon information and belief, all of the claims of the '565 Patent are invalid, and void, for one or more of the following reasons:

(a)    The alleged invention was not new before the applicants' alleged conception and/or reduction to practice;

(b)    The alleged invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicants for patent;

(c)    The alleged invention was patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

(d)    The alleged invention was described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicants for the patent;

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

IXIA'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

(e)    The patentees did not themselves invent the subject matter claimed;

(f)    The patentees abandoned the alleged invention;

(g)    Before the alleged invention was made by the patentees, said alleged invention was made in this country by others who had not abandoned, suppressed or concealed the same;

(h)    The difference between the subject matter sought to be patented in the '565 Patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which said subject matter pertains;

(i)    The alleged invention does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee(s);

(j)    The '565 Patent does not contain a written description of the alleged invention, and of the manner and process of making and using them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it, and, further, does not set forth the best mode contemplated by the alleged inventors of carrying out the alleged invention;

(k)    The asserted claims do not particularly point out and distinctly claim the subject matter which the applicants and/or patentees regard as their invention; and

(l)    The asserted claims fails to satisfy 35 U.S.C. § 101 as the alleged invention does not transform an article and/or is not tied to a particular machine.

## Count III

## Patent Infringement of U.S. Patent No. 5,881,237

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

14.    Ixia incorporates by reference the allegations set forth in Paragraphs 1 through 8 of these Counterclaims as if fully set forth and restated herein.

15.    Ixia is the owner by assignment of all right, title and interest in, to and under U.S. Patent No. 5,881,237 entitled "Methods, Systems and Computer Program Products for Test Scenario Based Communications Network Performance Testing" ("the '237 Patent"), a copy of which is attached hereto as Exhibit A.

16.    The '237 is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

17.    IneoQuest is and has been directly infringing, inducing others to infringe, and/or contributing to the infringement of the '237 Patent by making, using, offering for sale, and/or selling products and/or providing services covered by one or more claims of the '237 Patent.

18.    IneoQuest's infringement of the '237 Patent is causing irreparable harm and monetary damage to Ixia and will continue to do so unless and until IneoQuest is enjoined and restrained by this Court.

19.    Upon information and belief, IneoQuest's infringement of the '237 Patent has been willful, wanton, deliberate, and without license.

20.    This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

## Count IV

## Patent Infringement of U.S. Patent No. 5,937,165

21.    Ixia incorporates by reference the allegations set forth in Paragraphs 1 through 8 of these Counterclaims as if fully set forth and restated herein.

22.    Ixia is the owner by assignment of all right, title and interest in, to and under U.S. Patent No. 5,937,165 entitled "Systems, Methods and Computer Program Products for Applications Traffic Based Communications Network Performance Testing" ("the '165 Patent"), a copy of which is attached hereto as Exhibit B.

23.    The '165 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

IXIA'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386