Richard Williams (CA State Bar No.52896)
HOLLAND & KNIGHT LLP
633 West Fifth Street, 21st Floor
Los Angeles, California 90071-2040
Telephone (213) 896-2400
Facsimile (213) 896-2450
Email: richard.williams@hklaw.com

Attorneys for Plaintiff/Counterdefendant
IneoQuest Technologies, Inc.

Howard O. Boltz, Jr. (CA State Bar No. 70212)
BRYAN CAVE LLP
120 Broadway, Suite 300
Santa Monica, California 90401
Telephone (310) 576-2100
Facsimile (310) 576-2200
Email: hoboltz@bryancave.com

Attorneys for Defendant/Counterclaimant Ixia

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INEOQUEST TECHNOLOGIES, INC. | Case No.: CV-08-7773 GHK (PLAx) |
| Plaintiff/Counterdefendant. | Hon. George H. King |
| vs. | **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |
| IXIA | |
| Defendant/Counterclaimant. | |

1

STIPULATED CONFIDENTIALITY AGREEMENT
AND [PROPOSED] PROTECTIVE ORDER

TO THE HONORABLE COURT, ALL CURRENT PARTIES, AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff and Counter-defendant, IneoQuest Technologies, Inc., and Defendant and Counterclaimant, Ixia (together, the "parties"), by and through their respective undersigned counsel, hereby stipulate to the following Stipulated Confidentiality Agreement and Protective Order (the "Order") and request the Court's approval as follows:

WHEREAS, the pleadings in this action present trade secret and patent issues requiring discovery and disclosure of sensitive technical, financial and proprietary information by each of the Parties, the confidentiality of which is important to them;

WHEREAS, the Parties have consulted, negotiated and agreed upon provisions of a Protective Order for this litigation to protect such sensitive information; and

WHEREAS, discovery has not yet commenced and no Party will be prejudiced by the issuance of a Protective Order in this action, whereas the absence of any Protective Order will impede discovery and be prejudicial to both Parties,

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between all parties, that good cause exists for such Protective Order and an Order of the Court is respectfully requested on the terms in the numbered paragraphs that follow:

GOOD CAUSE STATEMENT

1.      In connection with discovery, Plaintiff IneoQuest and Defendant Ixia intend to produce documents and information pertaining to their trade secrets, finances, marketing plans and proprietary technology which is confidential in nature.  Pursuant to Fed. R. Civ. P. 26(c), the parties believe that good cause exists

for entry of a Protective Order to maintain confidential documents in the following categories, which contain confidential, proprietary and trade-secret information:

- Source code, computer-aided designs, computer simulations, test data, technical drawings, memoranda, reports, correspondence and other similar materials which contain non-public, technical and trade secret information;

- Financial information pertaining to the parties' income, expenses, revenue and ongoing business, including budgets, profits, losses, costs, margins, and pricing, which contain confidential data;

- Marketing and sales information, including market analysis, business and marketing plans, strategies and forecasts, customer requirements and customer contacts, which contain confidential, trade secret or proprietary information; and

- Unpublished patent prosecution information, including present or future applications.

      2.    The production of the above-referenced confidential documents and confidential information in this action, without a Protective Order, could cause serious harm to the privacy and business interests of the parties to the litigation. Moreover, the sharing of confidential information among the parties will promote fairness and efficiency in the litigation; it will enable the parties to reach conclusions with regard to technical issues relating to the development of various products at issue in this dispute.  In addition, the confidential financial information would be useful to determining issues pertaining to damages in the litigation.

STIPULATED CONFIDENTIALITY AGREEMENT
AND [PROPOSED] PROTECTIVE ORDER

STIPULATED CONFIDENTIALITY AGREEMENT AND
PROPOSED PROTECTIVE ORDER

1. Any information produced by the parties in this action (whether through oral testimony, interrogatory answers, production of documents and things, answers to requests for admission or otherwise) that the parties reasonably and in good faith believe to be a trade secret or other confidential research, development, financial or commercial information entitled to protection may be designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" as specified below.  Information so designated and marked as specified below will thereafter be subject to the provisions of this Stipulated Confidentiality Agreement and Protective Order.

2. A party may designate information, documents, things or materials as "CONFIDENTIAL" when produced if the producing party believes in good faith that the information contained therein is sensitive non-public research, development, financial or commercial information.

3. A party may contend in good faith that certain information, documents, things or materials contain information of an especially sensitive commercial or proprietary nature and at the same time concern information as to which the parties are direct competitors.  A party producing such information, documents, things or materials shall be entitled to designate same as "CONFIDENTIAL – ATTORNEYS EYES ONLY" when produced, if each of the following criteria are met:

      (a)    the information at issue is:

          (i)    proprietary technical information, including product design, manufacturing techniques, processing information, source code, computer-aided designs, computer simulations, testing methods, test data, technical specifications, drawings, memoranda, and reports;

STIPULATED CONFIDENTIALITY AGREEMENT
AND [PROPOSED] PROTECTIVE ORDER

1        (ii)    highly sensitive financial information related to particular

2  budgets, profits, losses, costs, margins, or pricing;

3        (iii)    unpublished patent prosecution information including

4  present or future applications; or

5        (iv)    proprietary customer and market-oriented information

6  including market analysis, business and marketing plans, strategies, and forecasts,

7  customer requirements, and customer contacts; and

8        (b)    disclosure of the information at issue would result in

9  competitive harm to the disclosing party.

10  In any proceeding addressing whether a "CONFIDENTIAL – ATTORNEYS

11  EYES ONLY" designation has properly been applied, the party designating

12  materials as "CONFIDENTIAL – ATTORNEYS EYES ONLY" shall bear the

13  burden to show the designation is appropriate, and meets the criteria set out in this

14  Section 3.

15        4.    Where information, documents, things or materials are designated

16  "CONFIDENTIAL – ATTORNEYS EYES ONLY," the designation will only

17  apply to those portions of the information, documents, things or materials that

18  satisfy the requirements set forth in Section 3.  All other portions of the

19  information, documents, things or materials will be designated

20  "CONFIDENTIAL."

21        5.    Information shall not be designated as either CONFIDENTIAL or

22  CONFIDENTIAL – ATTORNEYS EYES ONLY if:

23        (a)    it is, or becomes, public knowledge (through no fault of the

24  receiving party), as shown by publicly available writings, other than through

25  violation of the terms of this Stipulated Confidentiality Agreement and Protective

26  Order;

27        (b)    it is acquired from a non-party in lawful possession of such

28  information and under no obligation to the owner of the information to keep it

STIPULATED CONFIDENTIALITY AGREEMENT
AND [PROPOSED] PROTECTIVE ORDER

1   confidential, unless the non-party producing the information is subject to the

2   protections of this Stipulated Confidentiality Agreement and Protective Order as

3   set forth in paragraph 18 below;

4          (c)   The information was rightfully in the possession of the

5   receiving party prior to the producing party's disclosure;

6          (d)   The information is, or was, independently developed by the

7   receiving party, without reference to the producing party's CONFIDENTIAL or

8   CONFIDENTIAL – ATTORNEYS EYES ONLY information.

9       6.   Information designated as CONFIDENTIAL or CONFIDENTIAL –

10   ATTORNEYS EYES ONLY shall be marked as follows:

11          (a)   Any information that is disclosed in writing (e.g., in a document

12   or an interrogatory answer) shall be stamped or otherwise clearly marked

13   CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY on each

14   page of the writing on which such information is disclosed.  Stamping or marking

15   of the writing as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES

16   ONLY shall be done prior to production of the information by the parties.  The

17   marking shall be done in a manner that will not interfere with the legibility of the

18   written information.

19          (b)   If information or documents are produced on a computer

20   storage medium such as a CD-ROM, such information or documents shall be

21   designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES

22   ONLY by stamping or otherwise clearly marking CONFIDENTIAL or

23   CONFIDENTIAL – ATTORNEYS EYES ONLY on the CD-ROM or other

24   storage medium. Stamping or marking of the computer storage medium as

25   CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY shall be

26   done prior to production of the information.

27          (c)   Any information that is disclosed through any other means of

28   production (e.g., production of tangible things) shall be stamped, labeled or

1   otherwise clearly marked CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS

2   EYES ONLY on each thing produced.  Stamping or marking of the thing as

3   CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY shall be

4   done prior to production of the information.

5           (d)    Any information that is disclosed by oral testimony (e.g., at a

6   deposition or pre-trial hearing) may be designated as CONFIDENTIAL or

7   CONFIDENTIAL – ATTORNEYS EYES ONLY by making an appropriate

8   statement on the record at the time of the testimony.  Any pages of a transcript

9   containing information that has been designated as CONFIDENTIAL or

10   CONFIDENTIAL – ATTORNEYS EYES ONLY shall be stamped or marked

11   CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY and shall

12   be bound separately from the remaining portion of the transcript (whether such

13   transcript is a "rough" or final copy).

14         7.    In the event that any party inadvertently fails to designate as

15   CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY any

16   information (including testimony) that is produced and that any party reasonably

17   and in good faith believes should be so designated, that party may subsequently

18   make such a designation by notifying counsel in writing that the information or

19   documents must be treated as CONFIDENTIAL or CONFIDENTIAL –

20   ATTORNEYS EYES ONLY under this Order (a "Post-Production Notice").

21   After receipt of a Post-Production Notice, the parties will treat the information

22   (including testimony) as if it had been designated CONFIDENTIAL or

23   CONFIDENTIAL – ATTORNEYS EYES ONLY at the time that the information

24   was produced; provided, however, that any good faith disclosures prior to the

25   receiving party's receipt of a Post-Production Notice shall not constitute a breach

26   of this Stipulated Confidentiality Agreement and Protective Order.  The producing

27   party will promptly thereafter furnish the receiving party with a substitute set of

28

1  documents (or transcripts) bearing the correct stamp or notice and the receiving

2  party will return or destroy the original set and all copies.

3       8.    Any information marked CONFIDENTIAL – ATTORNEYS EYES

4  ONLY may be disclosed only, to:

5       (a)    outside counsel of record for each of the Parties to this action,

6  and their respective partners, associates and necessary clerical and legal support

7  personnel employed by such counsel;

8       (b)    In-house counsel for each of the Parties to this action, provided

9  that such in-house counsel may only have access to any information marked

10 CONFIDENTIAL – ATTORNEYS EYES ONLY while physically present at

11 outside counsel's office and/or during a deposition, hearing or trial in this matter;

12      (c)    independent experts or independent consultants retained by

13 counsel of record for purposes of this action, subject, however, to the provisions of

14 paragraphs 12 and 13 below

15      (d)    the Court, including any court to which an appeal may lie, and

16 its employees;

17      (e)    court reporters taking or transcribing testimony given at a

18 deposition, hearing or trial;

19      (f)    persons who are identified on the face of a writing containing

20 such information as the authors or recipients of the information;

21      (g)    the witnesses and jurors at any trial of this action, subject to

22 terms and instructions that shall be determined prior to trial and set forth in a

23 supplementary order of protection;

24      (h)    deponents in a deposition proceeding subject to the provisions

25 of paragraphs 12 and 13 below;

26      (i)    outside vendors who perform who perform microfiching,

27 photocopying, computer classification, or similar clerical functions, but only for so

28 long as and to the extent necessary to perform those services; and

8

1    (j)    any other persons that the Court designates, in the interests of

2    justice, upon such terms that the Court deems proper.

3    9.    Any information marked CONFIDENTIAL may be disclosed only, to:

4    (a)    The individuals specified in paragraph 8(a), 8(c) – 8(j); and

5    (b)    in-house legal counsel of a party and necessary clerical and

6    legal support personnel employed by such counsel; and employees of a party who

7    have been designated by counsel for the receiving party, subject, however, to the

8    provisions of paragraph 12 below.

9    10.    Under no circumstance may information designated as

10   CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY be

11
12   disclosed to any person or entity, other than those identified above without the

     prior written consent of the producing party or a court order in accordance with
13
14   paragraph 28.  As specified in paragraph 23, a breach of the provisions of this

15   Order will subject the party responsible for the breach to sanctions, in the

16   discretion of the Court.  In the event that information designated

17
     CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY is
18
19   disclosed orally (e.g., at a deposition or pre-trial hearing), the disclosing party

20   shall have the right to exclude from attendance at said deposition any person other

21   than the deponent and those persons identified in paragraph 8 above (with respect

22   to information designated as CONFIDENTIAL – ATTORNEYS EYES ONLY) or

23   paragraph 9 above (with respect to information designated as CONFIDENTIAL).

24   11.    In the event that a party disagrees with the propriety of the designation

25   CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY, the

26   objecting party shall serve the disclosing party with written notice of the

27   objection, as prescribed in Local Rule 37-1 of this Court.  The parties will have

28

STIPULATED CONFIDENTIALITY AGREEMENT
AND [PROPOSED] PROTECTIVE ORDER

ten (10) business days from the date of service of the objection to try, in good faith, to resolve such dispute on an informal basis.  Failure to respond to a written notice of objection within ten (10) business days of its service will be deemed to be a refusal to seek an informal resolution.  If the parties are unable to resolve their dispute informally, the parties  may present the dispute to the Court for judicial resolution, pursuant to Local Rules 37-2.1 through 37-2.4,  If confidential material is included in any papers to be filed in Court, such papers shall be accompanied by an application to file the papers -- or the confidential portion thereof -- under seal; the application must demonstrate good cause for the under seal filing. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal. The Court may then determine whether the information should be designated CONFIDENTIAL – ATTORNEYS EYES ONLY , CONFIDENTIAL, or neither, as the case may be. All information whose designation as CONFIDENTIAL is disputed shall be treated as CONFIDENTIAL until such time as the Court determines or the parties agree otherwise.  All information whose designation as CONFIDENTIAL – ATTORNEYS EYES ONLY is disputed shall be treated as CONFIDENTIAL – ATTORNEYS EYES ONLY until such time as the Court determines or the parties agree otherwise.

      12.   The parties shall not disclose information designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY to any person referenced in subparagraphs 8(b), 8(g) and 9(b) above unless and until such person (each an "Order Declarant") either (i) first states under oath on the record during a deposition that he or she agrees to be bound by the provisions of this Stipulated Confidentiality Agreement and Protective Order or (ii) first executes a declaration  that he or she agrees to be bound by the provisions of this Stipulated Confidentiality Agreement and Protective Order in the format attached

STIPULATED CONFIDENTIALITY AGREEMENT
AND [PROPOSED] PROTECTIVE ORDER

hereto as Exhibit A.  The party receiving information designated

CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY shall be

responsible for retaining the original of the Declaration signed by each Order

Declarant to whom he or she discloses the information designated

CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY.  Counsel

for the party receiving the CONFIDENTIAL or CONFIDENTIAL –

ATTORNEYS EYES ONLY shall provide to counsel for the disclosing party,

upon written request, copies of all such executed Declarations upon the conclusion

of this action (or earlier, upon reasonable request).  Each Order Declarant shall be

deemed to have consented to the personal jurisdiction of this Court for the purpose

of enforcement of this Order.

13.   For purposes of this section, the term "Financial Expert or Consultant"

shall mean an expert or consultant retained by counsel of record for purposes of

analyzing financial elements of this matter, including alleged damages and other

economic losses.  The term "Other Experts and Consultants" means an expert or

consultant retained by counsel of record that does not qualify as a Financial

Expert or Consultant.  Unless otherwise ordered by the Court or agreed in writing

by the disclosing party, a party that seeks to disclose information designated as

CONFIDENTIAL – ATTORNEYS EYES ONLY to Other Experts or Consultants

referenced in subparagraph 8(b) and/or to a person referenced in subparagraph

8(g) first must make a written request to the disclosing party that:  (1) sets forth

the full name of the person and the city and state of his or her primary residence;

and (2) attaches a copy of the Other Expert or Consultant's, or deponent's current

resume, or a description of his or her current position and employer.  A party that

makes a request and provides the information specified in the preceding paragraph

may disclose the subject information to the identified Other Expert or Consultant

and/or deponent unless, within ten (10) court days of delivering the request with

respect to an Other Expert of Consultant  referenced in subparagraph 8(b) or

STIPULATED CONFIDENTIALITY AGREEMENT
AND [PROPOSED] PROTECTIVE ORDER

1    within three (3) court days of delivering the request with respect to a person

2    referenced in subparagraph 8(g), the party receives a written objection from the

3    disclosing party.  Any such objection must set forth in detail the grounds on which

4    it is based.  A party that receives a timely written objection must meet and confer

5    with the disclosing party in accordance with Local Rule 37-1 to try to resolve the

6    matter by agreement.  If no agreement is reached, the parties may file a joint

7    stipulation with the Court for resolution of the matter, pursuant to Local Rules 37-

8    2.1 through 37-4.  Any such joint stipulation must describe the circumstances with

9    specificity, set forth in detail the reasons for which the disclosure is reasonably

10   necessary, assess the risk of harm that the disclosure would entail and suggest any

11   additional means that might be used to reduce that risk.  In any such proceeding

12   the party seeking disclosure of "CONFIDENTIAL - ATTORNEYS EYES

13   ONLY" documents or information shall bear the burden to show disclosure is

14   appropriate.  This Section 13 does not apply to a Financial Expert or Consultant,

15   and Section 11 shall govern disclosures to a Financial Expert or Consultant.

16   Disclosure of a consulting expert in connection with this Section 13 shall not

17   constitute waiver of any discovery protections or privileges applicable with

18   respect to such expert, as further provided in Section 25.

19          14.   If CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES

20   ONLY material is included in any papers to be filed in Court, such papers shall be

21   accompanied by an application to file the papers -- or the confidential portion

22   thereof -- under seal; the application must demonstrate good cause for the under

23   seal filing. The application shall be directed to the judge to whom the papers are

24   directed. Pending the ruling on the application, the papers or portions thereof

25   subject to the sealing application shall be lodged under seal. in accordance with

26   Local Rule 79-5

27          15.   Except for material filed with the clerk of the Court as provided in

28   paragraph 14 above, all materials containing information designated

STIPULATED CONFIDENTIALITY AGREEMENT
AND [PROPOSED] PROTECTIVE ORDER

1   CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY must be

2   stored under the direct control of counsel or in-house legal counsel for the

3   receiving party, who must take reasonable steps to ensure that such information is

4   maintained in a secure and safe area and that the same standard of due and proper

5   care is employed with respect to storage, custody, use and/or dissemination

6   (including dissemination to persons identified in paragraphs 8 and 9) of such

7   information as is exercised by the recipient with respect to its own confidential

8   information.

9       16.   Written materials containing information designated

10  CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY may only

11  be copied by the receiving party subject to the following conditions:

12          (a)   All copying of written materials containing information

13  designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY

14  must be done by:

15                  (i)    Counsel or in-house legal counsel for the receiving party;

16                  (ii)   Persons employed by such counsel and under such

17  counsel's supervision and control; or

18                  (iii)  An outside copying service engaged by counsel, with the

19  copies made delivered directly to counsel.

20          (b)   The number of copies that may be made of materials containing

21  information designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS

22  EYES ONLY will be limited to those reasonably necessary for use by counsel and

23  any independent experts or independent consultants retained by counsel.  Only one

24  (1) copy of materials designated CONFIDENTIAL or CONFIDENTIAL –

25  ATTORNEYS EYES ONLY may be provided to the individuals referenced in

26  paragraph 9(b) above (i.e., a designated party or employee of a party), who shall

27  not make or permit to be made any additional copies.

28

STIPULATED CONFIDENTIALITY AGREEMENT
AND [PROPOSED] PROTECTIVE ORDER

17.   Except as otherwise agreed in writing by the producing party, within thirty (30) days after the conclusion of this action, whether by settlement, trial, appeal or otherwise, all materials containing information designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY, and all copies thereof, shall be returned by counsel for the receiving party to counsel for the producing party.  Alternatively, if counsel for the producing party consents in writing, such material may be destroyed by counsel for the receiving party, in which event, a certificate of destruction shall be delivered to counsel for the producing party.  The attorneys for the parties will be entitled to retain a single copy of litigation documents, including exhibits and their own memoranda, containing information designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY but such litigation documents and memoranda must be kept in a separate file clearly marked with the notation: "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" and must be used only for the purpose of preserving a file on this action, and must not, without written permission of the opposing party or an order of this Court, be disclosed to anyone other than those individuals set out in paragraph 8(a).

18.   Non-parties who provide information in response to a subpoena or discovery request may invoke the protection of this Order by (a) designating that information CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY in accordance with paragraphs 2 through 7, and (b) signing a copy of this Order. Any non-party who invokes the protection of this Order shall also be bound by its obligations.

19.   Notwithstanding the provisions of this Order, a party may refuse to produce information and/or documents in response to a discovery request if such party is obligated to a third party to keep such information and/or documents confidential until such time as the third party has an opportunity to invoke the protections of this Order or otherwise seek an Order from this Court pursuant to

14

1   Local Rules 37-1 through 37-4,  governing disclosure of such information and/or
2   documents.

3         20.    All information designated as CONFIDENTIAL or CONFIDENTIAL
4   – ATTORNEYS EYES ONLY may be used only for purposes of this action, and
5   any appeal thereof, and not for any other action (except for actions in which the
6   plaintiff hereto is named as an adverse party to the defendant hereto, or vice versa)
7   or any business purpose whatsoever.

8         21.    This Stipulated Confidentiality Agreement and Protective Order is
9   without prejudice to the right of any party to seek relief from or modification of
10  any provision contained herein after notice to the other party.  This Order may be
11  modified by written stipulation of the Parties filed with the Court; provided that
12  any material modifications, or modifications that alter practice under the Local
13  Rules or Federal Rules, require Court approval.

14        22.    The parties shall submit this Stipulated Confidentiality Agreement and
15  Protective Order to the Court to be "so ordered" and shall be bound by its terms
16  prior to being "so ordered" by the Court.  This Stipulated Confidentiality
17  Agreement and Protective Order shall remain in effect unless modified by an
18  order of the Court or by written stipulation of the parties filed with the Court.

19        23.    The parties consent to the continuing jurisdiction of the Court with
20  respect to this Order and any breach thereof, even after the termination of this
21  action.  A breach of the provisions of this Stipulated Confidentiality Agreement
22  and Protective Order shall subject the party responsible for the breach to
23  sanctions, in the discretion of the Court.

24        24.    The terms of this Order will apply to all pre-trial proceedings; it does
25  not apply to the use of documents or information during the trial of this matter.
26  The parties agree that a separate confidentiality agreement will govern the trial in
27  this matter.  The parties agree to negotiate such agreement prior to
28  commencement of trial to govern the use of information designated

STIPULATED CONFIDENTIALITY AGREEMENT
AND [PROPOSED] PROTECTIVE ORDER

CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY and documents during trial.  Counsel for the parties will submit such agreement (or their respective proposals, if no agreement can be reached) to the Court for consideration.

25.    Nothing in this Order shall be construed as a waiver by any party of its right to object to any discovery request made in this action.  The execution of this Order shall not constitute a waiver by any party of any applicable privilege.

26.    Nothing contained in the Order will be construed as an admission by any party that receives documents or other materials designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY that such materials are, in fact, confidential within the meaning of this Order.

27.    In the event that a party desires to provide access to information, documents or things identified as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY hereunder to any person or category of persons not included in paragraphs 8 or 9 hereof, and if the other party objects thereto, they may resolve their dispute by seeking an Order from the Court pursuant to Local Rules 37-1 through 37-4, that such person or categories of persons may be given access to the information designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY.  In the event that the Order is granted, such person or category of persons may have access to the information designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY; provided that, before such access is given, such person or persons have agreed in writing to be bound by the terms of the Order, in the form set out in Exhibit A to this Order.

28.    The Parties may agree to modify the designation of any information as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY by written agreement.  For good cause, any party may request that the Court revoke, modify or amend a party's designation of information as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY, following the procedures set

16

1 forth in Local Rules 37-1 through 37-4.  The party that initially made the
2 designation will bear the burden of proving that such information is
3 CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY within the
4 meaning of this Order.  All documents and other materials designated as
5 CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY shall be
6 treated by any recipient as such under the terms of this Order unless or until such
7 designation is revoked by the designating party or by the Court pursuant to this
8 paragraph.
9      29.   Inadvertent production of attorney-client privileged or attorney work-
10 product information will not waive the attorney-client privilege or attorney work-
11 product immunity if a request for return of such documents or information is made
12 promptly after a producing party learns of its inadvertent production.  This
13 provision is not intended to affect the status of any document previously produced
14 by any party in previous litigation.
15      30.   Nothing contained in this Order shall affect the right of the
16 designating party to disclose its own confidential information to any person or
17 entity.
18      31.   This Order will become effective between the parties upon their
19 execution hereof, and will govern the exchange of confidential information
20 between them prior to entry of this Order as an Order of the Court.
21
22
23
24
25
26
27
28

17
STIPULATED CONFIDENTIALITY AGREEMENT
AND [PROPOSED] PROTECTIVE ORDER

1  IT IS SO STIPULATED.

2

3  HOLLAND & KNIGHT LLP                BRYAN CAVE LLP

4  By:____/s/ Richard T. Williams_____    By:____/s/ Howard O. Boltz, Jr._____
      **Richard T. Williams (SBN 52896)**      **Howard O. Boltz, Jr. (SBN 70212)**
5     **633 West Fifth Street, Suite 2100**     **120 Broadway, Suite 300**
      **Los Angeles, CA 90071-20400**           **Santa Monica, California 90401**
6     **Telephone:  (213) 896-2400**            **Telephone (310) 576-2100**

7     *Of Counsel*                              *Of Counsel*
      **Ieuan G. Mahony (BBO #552349)**        **J. Bennett Clark (*pro hac vice*)**
8     **Benjamin D. Enerson (BBO #660553)**    **Daniel A. Crowe (*pro hac vice*)**
      **10 St. James Avenue**                   **One Metropolitan Square**
9     **Boston, MA  02116**                     **211 N. Broadway, Ste. 3600**
      **Telephone:  (617) 523-2700**            **St. Louis, Missouri  63102**
10                                              **Telephone:  (314) 259-2000**

11 Attorneys for Plaintiff IneoQuest
   Technologies, Inc.                       Attorneys for Defendant Ixia
12

13 Dated: May 14, 2009                      Dated: May 14, 2009

14

15 IT IS SO ORDERED:

16

17 *Paul L. Abrams*

18 _____
   Paul L. Abrams
19 UNITED STATES MAGISTRATE JUDGE

20 Date:  May 15, 2009

21

22

23

24

25

26

27

28

                          18

1

## EXHIBIT "A"

2

3

## NON-DISCLOSURE AGREEMENT

4      The undersigned hereby acknowledges that he/she/it has read the attached

5  Stipulated Confidentiality Agreement and Protective Order entered in the above

6  cited action, on _____[date]_____, understands the terms thereof,

7  and agrees to be bound by such terms and submit to the jurisdiction of the District

8  Court for the Central District of California for purposes of enforcing this order.

9

10

11  By: _____

12      <NAME>

13  <ADD TITLE>

14

15

16  Dated: _____

17

18  # 6267284_v4

19

20

21

22

23

24

25

26

27

28

STIPULATED CONFIDENTIALITY AGREEMENT
AND [PROPOSED] PROTECTIVE ORDER